UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIRECTORS GUILD OF AMERICA, INC.,

                                        Petitioner,

                        -v-

NATIONAL BROADCASTING COMPANY, INC.,

                                        Respondent.

22 Civ. 1770 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Directors Guild of America, Inc. ("DGA") filed this petition to confirm an arbitral award pursuant to § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). Respondent National Broadcasting Company, Inc. ("NBC"), has answered, and while nominally opposing the petition, has admitted all material allegations and that the arbitral award is "valid, final and binding." Dkt. 9 ("Answer") at 4. For the reasons that follow, DGA's petition to confirm the arbitral award is granted.

I.      Background[1]

        A.      The Relevant Collective Bargaining Agreements

The underlying claim relates to a labor dispute. DGA was, at all times relevant to this dispute, the collective bargaining representative of directors, associate directors, and "certain other categories of employees employed by NBC." Pet. ¶ 6. In 2005, DGA and NBC entered two collective bargaining agreements—the "National" agreement ("National Agreement"), and the "TV (Network and Local) Staff Associate Directors New York" agreement ("Associate

---

[1] The Court's account of the underlying facts of this case is drawn from DGA's petition, Dkt. 3 ("Pet."), NBC's answer, Dkt. 9 ("Answer"), and DGA's reply, Dkt. 10. No material facts are disputed.

Directors Agreement"). *Id.* ¶¶ 7, 10.[2]  Article VII of the National Agreement mandated that

"[a]ny complaint, controversy, dispute or grievance between [NBC and DGA] with respect to

this Agreement or its interpretation or any breach thereof" be submitted to arbitration. *Id.* ¶ 8.

The National Agreement further provided that any arbitral award "shall be final and binding

upon the parties, and judgment thereon may be entered in any court of competent jurisdiction in

the state where the arbitration is held." *Id.*; *see also* Pet. Ex. A at 11.  Article II, § 9 of the

Associate Directors Agreement provided that, except as expressly permitted by Article II of that

agreement, NBC was prohibited from assigning the duties of an Associate Director to anyone

other than an Associate Director.  Pet. ¶ 9.

### B.    The Underlying Dispute, Arbitration, and Award

In January 2017, DGA submitted a grievance to NBC, claiming that NBC was permitting

employees not represented by DGA to perform certain duties of an Associate Director—

including final timing, *i.e.*, determining the exact length and sequence of segments, and ensuring

proper transitions by cuing. *Id.* ¶ 11; Pet. Ex. A at 11–12.  In April 2018, after the parties proved

unable resolve the grievance, DGA demanded arbitration.  Pet. ¶ 12.  Arbitral hearings were held

on April 17, July 10, July 31, October 10, and November 22, 2019 before Ralph S. Berger (the

"Arbitrator") in New York City. *Id.* ¶¶ 13–14.

On March 19, 2020, the Arbitrator issued an Opinion and Award (the "Award")

sustaining DGA's grievance. *Id.* ¶¶ 16, 18; *see also* Pet. Ex. B ("Arb. Op.").  Specifically, the

Arbitrator found that

> NBC [had] violated the [Associate Directors Agreement] by permitting associate
> director functions to be performed on Nightly News by employees not represented

---

[2] These agreements covered 2005 to 2008, Pet. ¶ 10, but their terms were reprised in successor
agreements, including the period at issue, *id.*  For simplicity, the Court will therefore refer to a
single National Agreement and a single Associate Directors Agreement.

by the DGA. As a remedy, [NBC] is ordered to cease and desist from assigning non-DGA represented employees to perform [*sic*] the final timing duty in Article II, Sections 3(e)(iv) and (9) of the [Associate Directors] Agreement on Nightly News and shall assign this duty to an associate director. Additionally, . . . other necessary remaining functions previously performed by associate directors prior to the implementation of RDP on Nightly News shall be assigned to associate directors. Arb. Op. at 48.

The Award has not been vacated or modified. Pet. ¶ 21. The parties agreed to toll DGA's time to file an action to confirm the Award until March 4, 2022. *Id.* ¶ 23.

### B. Procedural History

On March 3, 2022, DGA filed the instant petition. Dkt. 3 (corrected filing of March 4, 2022). On March 7, 2022, the Court set a briefing schedule. Dkt. 4. On May 3, 2022, NBC filed a response to the petition. Dkt. 9. On May 6, 2022, DGA replied. Dkt. 10.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing," and they "must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an

arbitration award is high[.]" *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to oppose the motion is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award,

> [A] court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

## B.   Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate given respondents' failure to interpose any substantive objection to confirmation of the Award, the Court finds that summary judgment is warranted, as petitioners have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties, and found that NBC "violated the [Associate Directors Agreement] by permitting associate director functions to be performed on Nightly News by employees not represented by the DGA." Arb. Op. at 48. And respondent admits that "the Arbitral Award is valid, final, and binding." Answer at 4. From the text of the Award and respondent's concession of its validity, the Court finds that there is at least a "barely colorable justification for the outcome reached,"

5

and, by all indications, a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at

797 (citation omitted). Accordingly, the Court confirms the Award in favor of petitioners,

enjoining NBC from assigning any duty of an Associate Director to anyone other than an

Associate Director.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of DGA. The Clerk

of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: June 14, 2022
       New York, New York

6